**UNITED STATES of America,**
**Appellee,**

v.

**Alexander CAMMACHO, Defendant–Appellant.**

**No. 07–2370–cr.**

United States Court of Appeals,
Second Circuit.

June 3, 2008.

Kenneth M. Moynihan, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Lisa M. Fletcher, Assistant Untied States Attorney, on the brief), Syracuse, NY, for Appellee.

Present: RICHARD J. CARDAMONE, ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Alexander Cammacho appeals a judgment of conviction, which directs that he serve consecutively a 150–month term of imprisonment for his substantive offense and a thirty-month term of imprisonment for violating, through the same conduct, the terms of a prior supervised release sentence. We assume the parties' familiarity with the factual background, procedural history, and specification of issues on appeal.

United States Sentencing Guideline Policy Statement 7B1.3(f) provides:

Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

However, even before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), established that the Guidelines are not mandatory, we held that the supervised-release policy statements are not binding. *See United States v. Pelensky,* 129 F.3d 63, 69 (2d Cir.1997). Cammacho argues that the district court failed to appreciate that it was not required to impose consecutive sentences.

Preliminarily, we reject the government's contention that plain error is the appropriate standard of review because Cammacho clearly argued to the district court that it could impose concurrent sentences. Because certain portions of the sentencing colloquy create the impression that the district court may not have understood that it had discretion to impose concurrent sentences, we remand for clarification and, if necessary, further proceedings. If, on remand, the district court indicates, either on the record or in a brief written statement, that it understood its authority, the district court need go no further. *See United States v. Sanchez,* 517 F.3d 651, 669 (2d Cir.2008). The defendant's presence is not required when the district court issues its clarification. *Id.* If the court determines that its determination of the sentence to be imposed was affected by its view that sentences must be imposed consecutively, it should vacate the sentence imposed and resentence in accord with 18 U.S.C. § 3553. *Id.*

Following the completion of the aforementioned proceedings, either party may restore jurisdiction to this court by notifying the Clerk within ten days of a final decision, *see United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994). The renewed appeal will be assigned to this panel.